UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00650-FDW-DSC

| | |
|---|---|
| ERIC DARDEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>PORTFOLIO RECOVERY ASSOCIATES, )<br>LLC., PRA GROUP, INC. )<br>)<br>Defendants. )<br>) | ORDER AND NOTICE |

THIS MATTER is before the Court on Plaintiff's *Pro Se* Motions for Default Judgment (Doc. Nos. 16, 17), Portfolio Recovery Associates, LLC's ("Portfolio Recovery Associates") Motion to Dismiss[1] (Doc. No. 8), and PRA Group, Inc.'s ("PRA") ("Portfolio Recovery Associates" and "PRA" together as "Defendants") Motion to Dismiss[2] (Doc. No. 11). The Court has reviewed Defendants' Memorandums in Support of the Motions to Dismiss (Doc. Nos. 9, 12), Plaintiff's Response in Opposition of PRA's Motion to Dismiss (Doc. No. 15), and Defendants' Reply (Doc. No. 16). Accordingly, for the reasons detailed below, Plaintiff's Motions for Default Judgment are DENIED.

---

[1] Portfolio Recovery Associates moves to dismiss Plaintiff's claims for insufficient process pursuant to Rule 12(b)(4) and for failure to state a claim upon which relief can be granted pursuant to 12(b)(6) of the Fed. R. Civ. P.

[2] PRA moves to dismiss Plaintiff's claims for lack of personal jurisdiction pursuant to Rule 12(b)(2), insufficient process pursuant to 12(b)(4), and for failure to state a claim upon which relief can be granted pursuant to (12)(b)(6) of the Fed. R. Civ. P.

1

## I. BACKGROUND

### a. Factual Background

*Pro se* Plaintiff filed the above-captioned matter against Defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). (Doc. No. 1). Plaintiff's claims arise out of Portfolio Recovery Associates' alleged attempts to collect on Plaintiff's PayPal credit card debt despite Plaintiff's contentions that the account was fraudulent as a result of identity theft. (Doc. No. 1, p. 11).

Plaintiff filed a report regarding the alleged improper debt collection with the Consumer Financial Protection Bureau ("CFPB") on October 7, 2020. (Doc. No. 15, p. 6). On October 25, 2020, Portfolio Recovery Associates responded to Plaintiff's CFPB report stating that they found no evidence of fraud related to the account information provided by Synchrony Bank, the bank that sold Plaintiff's debt and the right to receive payment to Portfolio Recovery Associates in July of 2020. (Id. at pp. 4-5, 10). On December 1, 2020, Synchrony Bank sent Plaintiff a letter stating they investigated his claims of identity theft and would remove the account from his personal credit report. (Id. at p. 4).

According to the Complaint, Plaintiff alleges that Portfolio Recovery Associates harassed, dishonored, violated his consumer rights, and used a registered trademark without authorization. (Doc. No. 1, p. 4). Additionally, Plaintiff alleges he suffered continued defamation of character, willful injury, and mental anguish by Portfolio Recovery Associates. (Id.) Although the significance of these allegations is not entirely clear, but because we construe *pro se* pleadings

2

liberally, the Court reasonably infers that Plaintiff is ultimately alleging Defendants unlawfully continued to pursue debt collection despite knowing the accounts were fraudulent.

### b. Procedural Background

Plaintiff filed his *Pro Se* Complaint on November 24, 2020. (Doc. No. 1). Plaintiff then filed two Motions for Default Judgment on December 13 and 24, 2020, (Doc. Nos. 4, 5), and both were denied due to lack of proof of service. (Doc. No. 6). Defendants received Plaintiff's Summons and Complaint on January 11, 2021 and filed their respective Motions to Dismiss on February 1, 2021. (Doc. Nos. 8, 11). On February 16, 2021, Plaintiff filed his Response in Opposition of PRA's Motion to Dismiss (Doc. No. 15), to which Defendants replied. (Doc. No. 19). On that same day, Plaintiff filed two Motions for Entry of Default Judgment (Doc. Nos. 16, 17), both of which the Court dispenses with below.

With respect to Defendants' Motions to Dismiss and in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), Plaintiff, who appears *pro se*, has the right to respond to Defendants' motions and carries a burden of proof in so responding.[3] The Court notes Plaintiff has already responded (Doc. No. 15) to the instant motions; however, because the Court is now advising Plaintiff of his burden in responding, the Court will allow Plaintiff the opportunity to supplement his response, if needed, and file an amended response to the pending motion by

---

[3] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 n.1 (4th Cir. 1994) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

3

Friday, March 19, 2021. Defendant may file a reply to the amended response no later than seven (7) days after the filing of the amended response and limited to 1,500 words. **<u>Importantly, the Court's present Order is not to be construed as an opinion on the merits of Defendants' Motions to Dismiss</u>**, **<u>and the Court advises Plaintiff that failure to adequately respond may result in dismissal of the complaint or judgment entered in favor of Defendant.</u>**

II.     MOTIONS FOR ENTRY OF DEFAULT JUDGMENT

Fed. R. Civ. P. 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." However,

> where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits. In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct.

<u>Wendt v. Pratt</u>, 154 F.R.D. 229, 230 (D. Minn. 1994) (internal quotation marks and citations omitted) (cited in 10A C. Wright, A. Miller & M. Kane, <u>Federal Practice & Procedure</u> § 2682 (3d ed. 2006)).

Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), a defendant "must serve an answer within 21 days after being served with the summons and complaint." When the last day for filing falls on a Saturday, Sunday, or a legal holiday, the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. Rule 6(a)(1)(C).

Plaintiff filed two Motions for Entry of Default against Defendants on February 16, 2021, (Doc. Nos. 16, 17), arguing Defendants failed to file an answer or respond to the Summons and Complaint, (Doc. No. 1), issued on January 28, 2021. However, Defendants received Plaintiff's

4

Summons and Complaint on January 11, 2021, and filed their respective Motions to Dismiss on February 1, 2021. (Doc. Nos. 8, 11). Defendants' responsive motions fall within the requisite response time frame. Accordingly, Plaintiff's Motions (Doc. Nos. 16, 17) are DENIED.

### III. MOTIONS TO DISMISS

Portfolio Recovery Associates have moved for dismissal of Plaintiff's claims pursuant to Rule 12(b)(4), and 12(b)(6) of the Fed. R. Civ. P., arguing insufficient process and failure to state a claim upon which relief can be granted. (Doc. No. 8). PRA has moved for dismissal of Plaintiff's claims pursuant to 12(b)(2), 12(b)(4), and 12(b)(6) of the Fed. R. Civ. P., arguing this Court lacks personal jurisdiction, insufficient process, and failure to state a claim upon which relief can be granted. (Doc. No. 11).

#### a. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)

PRA moves to dismiss under Federal Rule of Civil Procedure 12(b)(2), contending this Court lacks personal jurisdiction over them. The issue of personal jurisdiction is to be resolved by a judge, with the burden on the plaintiff to show beyond a preponderance of the evidence, that the court has justification for exercising jurisdiction. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). In sum, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Id.

#### b. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(4)

Defendants move to dismiss the Complaint for insufficiency of process pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure. Plaintiff "has the burden to prove that process has been executed in accordance with Rule 4 of the Federal Rules of Civil Procedure." Plant Genetic Systems v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996).

5

Rule 4(a)(1) provides that "[a] summons must...name the court and parties; [and] be directed at the defendant." Where service is made on a corporation, partnership or association, Rule 4(h)(1) requires that the summons be directed to "an officer, a managing or general agent, or any other agency agent authorized by appointment or law to receive service of process."

However, Rule 4(h) also permits service of a corporation in accordance with state law. North Carolina's state law for service of corporation requires a plaintiff to deliver a copy of the summons and complaint "to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office." N.C. R. Civ. P. 4(j)(6)(a). Service on a corporation may also be accomplished by delivering a copy of the summons and complaint to an agent authorized by appointment or law to be served or to accept service of process, or by depositing with a designated delivery service a copy of the summons and complaint, addressed to the officer, director, or agent to be served in N.C. R. Civ. P. 4(j)(6)(a) or (b). Id. at 4(j)(6)(b), (c).

**c. Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6)**

Defendants move to dismiss the Complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff must show in his response to the motions that the complaint contains sufficient factual allegations to support a cause of action against Defendants.

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Twombly, 550 U.S. at 556).  While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F. 3d 175, 180 (4th Cir. 2000).  A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

### d. Deadline to Respond

Plaintiff is advised that he has **until March 19, 2021**, to file an amended response and any supporting exhibits, affidavits, or sworn statements, to Defendants' motions in light of the above standards.  Plaintiff should not refile any materials already submitted to the Court, and his response must be properly served on Defendants and include a certificate of service indicating the manner in which Plaintiff served Defendants.  Defendants shall have seven (7) days after the filing of any amended response by Plaintiff to submit a final reply.  **Plaintiff's failure to appropriately respond to Defendants' Motions to Dismiss may result in Defendants being granted the relief they seek, that is dismissal of the complaint.**  If, on the other hand, Plaintiff is satisfied that his response already meets the above criteria, he may choose to leave his previously filed response (Doc. No. 15) as it is.

## IV. CONCLUSION

IT IS THEREFORE ORDERED, for the reasons stated above, Plaintiff's *Pro Se* Motions for Default Judgment (Doc. Nos. 16, 17) are DENIED, and that Plaintiff shall supplement his responses to Defendants' Motions to Dismiss (Doc. Nos. 8, 11) **on or before March 19, 2021.** Failure to file a timely and persuasive response in accordance with the principles explained above could lead to the dismissal of Plaintiff's lawsuit against Defendants. The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiff's address of record.

IT IS SO ORDERED.

Signed: March 4, 2021

Frank D. Whitney
United States District Judge