# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00650-FDW-DSC

| | |
|---|---|
| **ERIC DARDEN,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **PRA GROUP, INC.** **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | |
| **Defendants.** | |

THIS MATTER is before the Court on Defendant Portfolio Recovery Associates, LLC.'s ("Portfolio Recovery Associates") Motion to Dismiss (Doc. No. 8), and Defendant PRA Group, Inc.'s ("PRA") ("Portfolio Recovery" and "PRA" together as "Defendants") Motion to Dismiss (Doc. No. 11). Defendant Portfolio Recovery Associates moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(6). (Doc. No. 8). Defendant PRA moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4) and 12(b)(6). (Doc. No. 11). Both motions are fully briefed and ripe for review. For the reasons stated herein, the Court GRANTS Defendants' Motions to Dismiss.

## I.   BACKGROUND

*Pro se* Plaintiff filed the above-captioned matter against Defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). (Doc. No. 1). Because we are required to construe *pro se* pleadings liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the Court sets forth the allegations contained in both the Complaint and *pro se* Responses "to allow for the

development of a potentially meritorious claim." Hughs v. U.S., No. 6:03-cr-703-GRA, 2009 WL 8729587, at *1 (D.S.C. Nov. 20, 2009) (citing Boag v. MacDougall, 454 U.S. 364 (1982)).

In July 2020, Portfolio Recovery Associates purchased Plaintiff's Synchrony Bank PayPal credit card debt and the right to receive payment from Synchrony Bank. (Doc. No. 15, p. 4-5). Plaintiff contends Portfolio Recovery Associates' alleged attempts to collect on the debt owed was unlawful because, according to Plaintiff, the PayPal account was fraudulent because of identity theft. (Doc. No. 1, p. 11). Because of Portfolio Recovery Associate's allegedly unlawful attempts to collect on Plaintiff's debt, Plaintiff filed a report with the Consumer Financial Protection Bureau ("CFPB") on October 7, 2020. (Doc. No. 15, p. 6). On October 25, 2020, Portfolio Recovery Associates responded to Plaintiff's CFPB report stating they had found no evidence of fraud related to the account information provided by Synchrony Bank. (Id. at p. 10). Then, on December 1, 2020, Synchrony Bank sent Plaintiff a letter stating they investigated his claims of identity theft and would remove the accounts from his personal credit report. (Id. at p. 4). Plaintiff ultimately alleges the actions taken by Portfolio Recovery Associates amounted to harassment and that they dishonored and violated his consumer rights and used a registered trademark without authorization. (Doc. No. 1, p. 4). Plaintiff also alleges he suffered continued defamation of character, willful injury, and mental anguish by Portfolio Recovery Associates. (Id.)

Plaintiff filed his Pro Se Complaint on November 24, 2020. (Doc. No. 1). Plaintiff then filed a Motion for Default Judgment on December 13, 2020, and again on December 24, 2020, (Doc. Nos. 4, 5). Both motions were denied due to lack of proof of service. (Doc. No. 6). Defendants received Plaintiff's Summons and Complaint on January 11, 2021 and filed their respective Motions to Dismiss on February 1, 2021. (Doc. Nos. 8, 11). On February 16, 2021, Plaintiff filed two Motions for Entry of Default Judgment (Doc. Nos. 16, 17) which were denied

on March 4, 2021, (Doc. No. 22). In its order denying Default Judgment, and in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this Court notified Plaintiff of his right as a *pro se* plaintiff to respond to Defendants' motions and of his burden of proof in responding. (Doc. No. 22, p. 3-4). Plaintiff filed his supplemental Response in Opposition to the Motions to Dismiss on March 12, 2021. (Doc. No. 23). The Motions to Dismiss are now ripe for review.

## II. STANDARD OF REVIEW

PRA has moved for dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(6). (Doc. No. 11). Portfolio Recovery Associates have moved for dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(4), and 12(b)(6). (Doc. No. 8).

### A. Personal Jurisdiction

When a challenge to personal jurisdiction is addressed only on the basis of motion papers, supporting legal memoranda, and the relevant allegations of a complaint, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). Under those circumstances, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id.

In cases where the defendant provides evidence which denies the facts essential for jurisdiction, the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant and on which the defendant presented evidence. Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp., 812 F. Supp. 2d 710, 716–17 (E.D.Va. July 13, 2011); Indus. Carbon Corp. v. Equity Auto & Equip. Leasing Corp., 737 F. Supp. 925, 926 (W.D.Va. 1990). If the existence of jurisdiction turns on disputed factual

questions, a court may resolve the challenge on the basis of an evidentiary hearing, or when a prima facie demonstration of personal jurisdiction has been made, it can proceed "as if it has personal jurisdiction over this matter, although factual determinations to the contrary may be made at trial." Pinpoint IT, 812 F. Supp. 2d at 717 (citing 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.31 (3d ed. 2011)). Regardless, the plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n. 5 (4th Cir. 2005).

The court engages in a two-part inquiry when determining whether its exercise of personal jurisdiction over a given defendant is proper. The first, or statutory, part requires the assertion of personal jurisdiction have a basis under North Carolina's long-arm statute. The second, or constitutional, part requires the exercise of personal jurisdiction comply with due process. Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Courts have historically construed North Carolina's long-arm statute to be coextensive with the Due Process Clause. This construction collapses the statutory and constitutional requirements into a single inquiry whether the non-resident defendant has such "minimum contacts" with the forum state that exercising jurisdiction over it does not offend "traditional notions of fair play and substantial justice." See Nolan, 259 F.3d at 215 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two types of long-arm jurisdiction over a defendant: general or specific. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984). A court may exercise general personal jurisdiction over defendants who have "continuous and systematic" contacts with the forum state regardless of where the relevant conduct occurs. CFA Inst. v. Inst.

of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n. 15 (4th Cir. 2009). A court may exercise specific personal jurisdiction when the cause of action arises from or is related to the defendant's contacts with the forum. Cambridge Homes of N. Carolina, LP v. Hyundai Const., Inc., 670 S.E.2d 290, 295 (N.C. App. 2008). The court considers several factors in deciding whether specific jurisdiction exists; these include: "'(1) the extent to which the defendant purposely availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" Id. (quoting Woods Intern., Inc. v. McRoy, 436 F.Supp.2d 744, 748–49 (M.D.N.C.2006)).

The determination of whether jurisdiction is appropriate depends on the facts and circumstances of each case. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478–79, 485–86 (1985).

### B. Insufficient Process

Fed. R. Civ. P. Rule 12(b)(4) allows for dismissal when process is insufficient. Rule 4(a)(1) requires that "[a] summons must...name the court and parties; [and] be directed at the defendant." Where service is made on a corporation, partnership or association, Rule 4(h)(1) requires the summons be directed to "an officer, a managing or general agent, or any other agency agent authorized by appointment or law to receive service of process."

However, Rule 4(h) also permits service of a corporation in accordance with state law. North Carolina's state law for service of corporation requires a plaintiff to deliver a copy of the summons and complaint "to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office." N.C. R. Civ. P. 4(j)(6)(a). Service on a corporation may also

be accomplished by delivering a copy of the summons and complaint to an agent authorized by appointment or law to be served or to accept service of process, or by depositing with a designated delivery service a copy of the summons and complaint, addressed to the officer, director, or agent to be served in N.C. R. Civ. P. 4(j)(6)(a), (b). Id. at 4(j)(6)(b), (c).

The burden to prove that process has been executed in accordance with Rule 4 of the Federal Rules of Civil Procedure is on the plaintiff. Plant Genetic Systems v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

### C. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not

> necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56).

### III. ANALYSIS

#### A. PRA's Motion to Dismiss

PRA moves for dismissal of Plaintiff's claim for lack of personal jurisdiction pursuant to Rule 12(b)(2), insufficiency of process pursuant to Rule 12(b)(4), and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. No. 11). The Court addresses only the issue of personal jurisdiction herein because it is dispositive of PRA's Motion.

PRA argues this Court cannot exercise personal jurisdiction over the corporation for two reasons. (Doc. No. 12, p. 1-2). First, Plaintiff's Complaint makes no allegations against PRA to establish general or specific personal jurisdiction. (Id. at p. 2). Second, PRA points to a Declaration by Steven R. Zahn, Managing Counsel for PRA, stating PRA is neither domiciled in North Carolina nor does business in North Carolina. (Doc. No. 13, p. 1-2). Further, Portfolio Recovery Associates, a subsidiary of PRA, functions as a separate entity with its own Employment Identification Number and a business purpose of purchasing defaulted accounts in the United States (Id. at p. 2). Notably, PRA does not share the same business purpose as Portfolio Recovery Associates and observes its own entity formalities pursuant to its formation documents. (Id.)

Plaintiff's sole response to PRA's argument against personal jurisdiction is that Plaintiff "invokes this court with personal and subject matter jurisdiction over defendants pursuant to 15 U.S.C. § 1692k(d)." (Doc. No. 23, p. 1). This misconstrues the meaning of the cited statute, which addresses only subject matter jurisdiction and fails to assert any contacts with the state sufficient

to establish general or specific jurisdiction. Notably, Plaintiff began referencing PRA as a "d/b/a" of Portfolio Recovery Associates, presumably as a method of establishing personal jurisdiction. (Doc. No. 15, p. 1). However, PRA contends Plaintiff's attempt to label PRA as a "d/b/a" of Portfolio Recovery Associates is improper and fails to provide the Court a basis to exercise personal jurisdiction. (Doc. No. 19, p. 3-4). The Court agrees that Plaintiff's assertion that PRA is a "d/b/a" of Portfolio Recovery Associates, without more, is insufficient to confer personal jurisdiction over PRA.

Plaintiff has accordingly failed to present sufficient evidence to create a factual dispute on any jurisdictional arguments asserted by PRA. Accordingly, the Court lacks authority to exercise personal jurisdiction over PRA. PRA's Motion to Dismiss (Doc. No. 11) is GRANTED.[1]

### B. Portfolio Recovery Associates' Motion to Dismiss

Portfolio Recovery Associates moves for dismissal of Plaintiff's claim for insufficient process pursuant to Rule 12(b)(4), and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. No. 8). For the reasons stated below, the Court addresses only the claim for insufficient process herein.

First, Portfolio Recovery Associates argues Plaintiff failed to direct his summons to a corporate officer or appropriate agent as required by Rule 4(h) of the Fed. R. Civ. P. (Doc. No. 9, p. 3). Instead, Plaintiff directed the summons to "Portfolio Recovery Associates, LLC, 120 Corporate Blvd., Norfolk, VA 23502." (Doc. No. 1, p. 2). Further, Portfolio Recovery Associates contends that the required corporate officer and/or appropriate agent information is publicly available on the North Carolina Secretary of State's website. (Doc. No. 9, p. 3).

---

[1] Given the Court's resolution of PRA's Motion to Dismiss (Doc. No. 11) for lack of personal jurisdiction pursuant to Rule 12(b)(2), it is unnecessary to set forth an analysis of PRA's Motion to Dismiss for insufficient process pursuant to Rule 12(b)(4), and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

In response, Plaintiff argues the summons was properly served on Portfolio Recovery Associates and cites numerous sections of Rule 4; these include Rule 4(a)(B)(1), 2(b)(1), and 4(h)(1). (Doc. No. 15, p. 1). However, Plaintiff's argument fails to recognize that Rule 4 necessitates a cohesive application of its sections. Plaintiff was required, under state law and federal law, to direct the summons and complaint to an officer, a managing or general agent, or any other agent authorized to receive service of process on behalf of Portfolio Recovery Associates; Plaintiff has failed to do so. Accordingly, Defendant Portfolio Recovery Associate's Motion to Dismiss for insufficient process is GRANTED.[2]

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (Doc. No. 8, 11) are GRANTED.

IT IS SO ORDERED.

Signed: April 21, 2021

_____
Frank D. Whitney
United States District Judge

---

[2] Given the Court's resolution of PRA's Motion to Dismiss (Doc. No. 8) for insufficient process pursuant to Rule 12(b)(4), the Court likewise declines to address Portfolio Recovery Associate's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).